Virella, Demandante y Apelante, *v.* A. Hartman & Co., Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Guayama en pleito sobre cobro de dinero.

No. 2206.—Resuelto en junio 30, 1920.

Evidencia—Testimonios Sospechosos—Declaración Sobre Dichos de Personas Fallecidas.—La declaración respecto a manifestaciones de personas que han fallecido y que no pueden por tanto contradecirlas es recibida generalmente con gran cautela, con mayor razón en este caso en que por la sola manifestación verbal atribuida a una persona muerta se quiere contradecir lo que aparece consignado en un documento público en el que se confiesa haber recibido la cantidad que ahora se reclama.

Inspección Ocular Innecesaria.—Probado que se han perdido ciertos libros antiguos de una sociedad mercantil es innecesario que la Corte practique una inspección ocular con objeto de ver si existen.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. Benítez Flores.*

Abogados de la apelada: *Sres. Alvarez Nava & Domínguez, Soto Gras y Siaca.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Francisco Virella Uribe en unión de tres hermanos suyos

y de su madre vendieron por escritura pública de 13 de marzo
de 1909 a José Muñoz Vázquez la finca "Deseada," de 676
cuerdas de terreno radicada en las jurisdicciones de Gua-
yama y Arroyo por precio de ciento cincuenta mil dólares
de los cuales confesaron haber recibido antes del otorgamiento
de la escritura la cantidad de cincuenta y cuatro mil, que-
dando el resto del precio aplazado con hipoteca pagadero en
varios plazos.   Por otra escritura pública de 15 de junio de
1909 Muñoz Vázquez vendió esa finca a Juan Carlos Mc-
Cormick quien por otra escritura pública de 18 de febrero del
año siguiente 1910 la vendió a Enrique McCormick.   En otra
escritura posterior Enrique McCormick reconoció que esa
compra la hizo para la sociedad mercantil A. Hartman y
Cía.   Los plazos hipotecarios han sido pagados a los ven-
dedores Virella Uribe.

Muerto Juan Carlos McCormick, uno de los vendedores,
Francisco Virella Uribe, demandó a la sociedad A. Hartman
y Cía., de la que formaba parte Juan Carlos McCormick,
reclamándole trece mil quinientos dollars como parte a él
correspondiente de los cincuenta y cuatro mil dólares que los
vendedores habían confesado haber recibido del comprador
Muñoz Vázquez antes del otorgamiento de la escritura de
venta, alegando como fundamento de su reclamación que tal
cantidad no le fué satisfecha y que Muñoz Vázquez no fué
un verdadero comprador para sí sino qne, como intermedia-
rio, compró para la sociedad A. Hartman y Cía., y que el
socio Juan Carlos McCormick en conversación verbal con el
demandante le prometió pagarle la cantidad que reclama.
Contestó la sociedad A. Hartman y Cía., única demandada,
negando la reclamación que se le hacía y, celebrado el juicio,
la Corte de Distrito de Guayama dictó sentencia declarando
sin lugar la demanda por insuficiencia de la prueba y en el
recurso de apelación que contra ella interpuso el demandante
sostiene que la corte inferior cometió error porque el ape-
lante ha justificado plenamente su derecho.

La única evidencia que el demandante apelante presentó en el juicio para probar su demanda en el extremo fundamental de ella de que Juan Carlos McCormick se comprometió verbalmente en nombre de la sociedad A. Hartman y Cía. a que ésta le pagaría la cantidad que ahora reclama consiste en la declaración que prestó el demandante, prueba que la corte inferior no estimó suficiente para declarar justificado ese compromiso. Aparte de que el juez tenía facultad discrecional para creer o no la declaración de dicho testigo, y no encontramos motivo alguno en la transcripción de los autos para declarar que no hizo un debido uso de esa facultad, resulta que, aunque podía creer a ese testigo, realmente la declaración respecto a manifestaciones de personas que han fallecido y que no pueden por tanto contradecirlas es recibida generalmente con gran cautela, con mayor razón en este caso en que por la sola manifestación verbal atribuida a una persona muerta se quiere contradecir lo que aparece consignado en un documento público en el que se confiesa haber recibido la cantidad que ahora se reclama. Por otra parte el número de años transcurrido desde que se confesó el recibo de la cantidad que ahora se reclama y el haber sido pagados por A. Hartman y Cía. los plazos posteriores sin hacérsele reclamación alguna por la cantidad que se confesó recibida sostiene aun más la conclusión a que llegó el juez sentenciador. Si a esto agregamos que no hubo prueba alguna con respecto a que Muñoz Vázquez comprara para A. Hartman y Cía., que esta conclusión no puede deducirse del solo hecho de que vendiera la finca a los tres meses a Juan Carlos McCormick y que no se probó que éste comprara para la sociedad, resulta mayor el convencimiento de que el juez no cometió error al no considerar suficiente la prueba para dictar la sentencia condenatoria que solicitaba el apelante. El hecho de que un empleado de A. Hartman y Cía. fuera el encargado de recibir la finca cuando la compró Muñoz Vázquez tampoco es prueba de que éste comprara

para A. Hartman y Cía., con mayor razón cuanto resulta de la prueba que ese empleado le fué facilitado por A. Hartman y Cía. a Muñoz Vázquez por razón del parentesco que entre éste y los socios de aquella existe.

Se alega como segundo error de la corte que se negó a hacer una inspección ocular.

La parte demandante y apelante había solicitado que la sociedad demandada presentara ciertos libros de su casa de comercio correspondientes a los años 1909, 1910 y 1911. Declaró uno de los socios que los libros reclamados se habían perdido desde hacía algunos años y entonces pidió el demandante que la corte hiciera una inspección ocular en dicha casa de comercio. No se expresó cuál era el objeto de tal inspección aunque parece que tenía por motivo que la corte buscara esos libros. Fué negada esa petición fundándose la corte en que habiéndose demostrado que los libros han desaparecido, la creía innecesaria mientras no se justificase que existen. Creemos que no existe el error que se alega, pues no solo no se cita precepto legal alguno infringido sino que, además, era enteramente innecesaria desde el momento en que la corte estimó probado por la evidencia que tales libros se habían perdido. Además, no se sabe por los autos qué se proponía probar la parte con esos libros y en defecto de ellos pudo presentar prueba secundaria, para suplir su falta.

Otros motivos de error con respecto a la admisión de ciertas preguntas a los testigos y de una carta no están argumentados por el apelante y no tienen tampoco importancia, por lo que no los consideraremos.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.